UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

HUGO PRIETO,
and other similarly-situated individuals,

      Plaintiff (s),

v.

S1 SECURITY GROUP INC,
and ROLANDO E. PALMA, individually,

      Defendants,

_____ /

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff HUGO PRIETO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants S1 SECURITY GROUP INC, and ROLANDO E. PALMA, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff HUGO PRIETO is a resident of Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant S1 SECURITY GROUP INC (hereinafter S1 SECURITY GROUP, or Defendant) is a Florida corporation having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. S1 SECURITY GROUP was engaged in interstate commerce.

4. The individual Defendant ROLANDO E. PALMA was and is now the owner/president and manager of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for Plaintiff's damages.

5. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff HUGO PRIETO to recover from Defendants half-time overtime wages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant S1 SECURITY GROUP is a Florida corporation that provides security services to businesses, residential communities, construction sites, retailers, and related security services such as executive bodyguard protection.

8. Defendant S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiff HUGO PRIETO as a non-exempted, full-time, hourly security employee from approximately May 01, 2021, to November 26, 2022, or 82 weeks.

9. Plaintiff had duties as a security officer. He worked at various security posts, but he regularly reported to the Defendants' offices located at 1645 NW 79 Avenue, Miami, Fl 33126.

10. Plaintiff worked under the supervision of the owner of the business, ROLANDO E. PALMA, and Director Neiver Ruiz.

11. While employed by Defendants, Plaintiff had a regular schedule, and he worked as follows:

12. <u>1.- From approximately May 01, 2021, to April 16, 2022, or 50 weeks</u>, Plaintiff worked seven days the night shift, from 6:00 PM to 6:00 AM (12 hours daily). Plaintiff completed a minimum average of 84 hours weekly. Plaintiff was unable to take bonafide lunchtime.

13. Plaintiff was compensated for all his working hours at his regular rate of $12.00 an hour. However, Plaintiff was not paid for overtime hours, as required by law.

14. <u>2.- From approximately April 17, 2022, to November 26, 2022, or 32 weeks</u>, Plaintiff worked five days per week from Monday to Friday, from 11:00 AM to 11:00 PM (12 hours daily). Plaintiff completed a minimum of 60 hours weekly. Plaintiff was unable to take bonafide lunchtime.

15. Plaintiff was compensated for all his working hours at his regular rate of $12.00 an hour. However, Plaintiff was not paid for overtime hours, as required by law.

16. During his period of employment with Defendants, Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours, as required by law.

17. Plaintiff clocked in and out, and Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

18. Therefore, during the relevant period, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

19. On or about November 26, 2022, Defendants fired Plaintiff.

20. Plaintiff is not in possession of time and payment records, but he will provide a good-faith estimate about his unpaid half-time overtime hours.

21. Plaintiff HUGO PRIETO seeks to recover half-time overtime hours, liquidated damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS**

23. Plaintiff HUGO PRIETO re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff HUGO PRIETO  as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendant S1 SECURITY GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods

or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises involved in interstate commerce. Therefore, there is FLSA individual coverage.

27. Defendant S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiff HUGO PRIETO as a non-exempted, full-time, hourly security employee from approximately May 01, 2021, to November 26, 2022, or 82 weeks.

28. Plaintiff had duties as a security officer. He worked at various security posts, but he regularly reported to the Defendants' offices located at 1645 NW 79 Avenue, Miami, Fl 33126.

29. Plaintiff worked under the supervision of the owner of the business, ROLANDO E. PALMA, and Director Neiver Ruiz.

30. While employed by Defendants, Plaintiff had a regular schedule, and he worked as follows:

31. 1.- From approximately May 01, 2021, to April 16, 2022, or 50 weeks, Plaintiff worked seven days the night shift, from 6:00 PM to 6:00 AM (12 hours daily). Plaintiff completed a minimum average of 84 hours weekly. Plaintiff was unable to take bonafide lunchtime.

32. Plaintiff was compensated for all his working hours at his regular rate of $12.00 an hour. However, Plaintiff was not paid for overtime hours, as required by law.

33. <u>2.- From approximately April 17, 2022, to November 26, 2022, or 32 weeks</u>, Plaintiff worked five days per week from Monday to Friday, from 11:00 AM to 11:00 PM (12 hours daily). Plaintiff completed a minimum of 60 hours weekly. Plaintiff was unable to take bonafide lunchtime.

34. During his period of employment with Defendants, Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours, as required by law.

35. Plaintiff clocked in and out, and Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

36. Therefore, during the relevant period, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

37. Plaintiff was paid bi-weekly with checks without paystubs providing basic information about the number of days and hours worked, wage rate, etc.

38. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

39. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

41. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid half-time overtime wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

a. Total amount of alleged unpaid O/T wages:

Seventeen Thousand Forty Dollars and 00/100 ($17,040.00)

b. Calculation of such wages:

Total time of employment: 82 weeks
Relevant weeks of employment:  82 weeks

**1.- Half-time overtime from  May 01, 2021, to April 16, 2022, or 50 weeks**

Relevant weeks: 50 weeks
Total number of hours worked:  84 hours weekly
Total number of unpaid O/T hours: 44 O/T hours
Regular rate: $12.00  rate paid x 1.5=$18.00
O/T rate: $18.00-$12.00 O/T rate paid=$6.00 half-time

Half-time $6.00 x 44 O/T hours=$264.00 weekly x 50 weeks=$13,200.00

**2.- Half-time overtime from April 17, 2022, to November 26, 2022, or 32 weeks**

Relevant weeks: 32 weeks
Total number of hours worked:  60 hours weekly
Total number of unpaid O/T hours: 20 O/T hours
Regular rate: $12.00  rate paid x 1.5=$18.00
O/T rate: $18.00-$12.00 O/T rate paid=$6.00 half-time

Half-time $6.00 x 20 O/T hours=$120.00 weekly x 32 weeks=$3,840.00

 Total #1 and #2: $17,040.00

Nature of wages (e.g., overtime or straight time):

This amount represents unpaid half-time overtime wages.

42. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

43. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

44. At times mentioned, individual Defendant ROLANDO E. PALMA was the owner/president and manager of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of S1 SECURITY GROUP concerning its employees, including Plaintiff and others similarly situated. Defendant ROLANDO E. PALMA had financial and operational control of the corporation, determining the terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

45. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his

regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

46. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff HUGO PRIETO and other similarly situated individuals and against the Defendants S1 SECURITY GROUP and ROLANDO E. PALMA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff HUGO PRIETO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff HUGO PRIETO demands a trial by jury of all issues triable as of right by jury.

Dated:  May 31, 2023,

                                  Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*